IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF UTAH, CENTRAL DIVISION

| | |
|---|---|
| MARIA E. WINDHAM, as Receiver for Marquis Properties, LLC,<br><br>Plaintiff,<br>v.<br><br>CRAIG MARTIN SHULTS, et al.,<br><br>Defendant. | MEMORANDUM DECISION AND ORDER DENYING MOTION TO APPOINT COUNSEL<br><br>Case No. 2:18-cv-62 DB<br><br>District Judge Dee Benson<br><br>Magistrate Judge Brooke Wells |

This matter is referred to the undersigned from Judge Dee Benson in accordance with 28 U.S.C. 636(b)(1)(A).[1] Defendant, Gordon Bolster, moves the court for the appointment of counsel.[2] Mr. Bolster seeks to get a "pro bono Public Defender appointed" to defend him.[3] In support Mr. Bolster notes that his assets and retirement funds were stolen and he is currently living on social security.

The court is sympathetic to Defendant's hardships, however, a party in a civil action has no constitutional right to the appointment of counsel.[4] Moreover, this suit is related to a real estate Ponzi scheme and is one of several "claw back" lawsuits concerning the scheme.[5] As such

---

[1] ECF No. 80.

[2] ECF No. 81.

[3] Mtn p. 1.

[4] *See Durre v. Dempsey*, 869 F.2d 543, 547, 1989 WL 16317 (10th Cir. 1989); *Bethea v. Crouse*, 417 F.2d 504, 505 (10th Cir. 1969) ("We have often said, and it seems to be universally agreed, that no one has a constitutional right to assistance of counsel in the prosecution or defense of a civil action.").

[5] *See* Complaint p. 2, ECF No. 2.

there are not any special considerations for the appointment of counsel like in an employment discrimination case.[6]

Accordingly, Mr. Bolster's motion is DENIED.

DATED this 18 January 2019.

Brooke C. Wells
United States Magistrate Judge

---

[6] *See Castner v. Colorado Springs Cablevision*, 979 F.2d 1417, 1421(10th Cir. 1992) (noting factors that are relevant in determining whether to appoint counsel for a civil litigant in a Title VII action).